UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
IN RE QUEBECOR WORLD (USA), et al.,                      :
                                                         :
                              Debtors.                   :
------------------------------------------------------------------ :
EUGENE I. DAVIS, *as Litigation Trustee for the*         :
*Quebecor World Litigation Trust*,                       :
                                                         :
                              Plaintiff,                 :
           -v-                                           :
                                                         :
REXEL, INC., *fdba* SOUTHLAND ELECTRICAL                 :
SUPPLY; SOUTHERN ELECTRIC SUPPLY                         :
COMPANY INC., *dba* SOUTHLAND ELECTRICAL                 :
SUPPLY COMPANY,                                          :
                                                         :
                              Defendants.                :
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/26/12_

12 Civ. 6614 (JMF)

MEMORANDUM
OPINION AND
ORDER

JESSE M. FURMAN, United States District Judge:

Defendant Southern Electric Supply Company, Inc., doing business as Southland Electrical

Supply Company ("Southland"), moves, pursuant to Section 157(d) of Title 28 of the United States

Code, to withdraw the reference of this adverse proceeding to the Bankruptcy Court. For the reasons set

forth below, this motion is DENIED without prejudice to renewal at the appropriate time.

## BACKGROUND

On January 14, 2010, Plaintiff commenced this adversary proceeding against Southland, in

connection with the Chapter 11 bankruptcy proceeding of Quebecor World (USA). On March 11, 2010,

Plaintiff filed an amended complaint against Rexel, Inc., formerly doing business as Southland Electrical

Supply ("Rexel"). On April 15, 2010, Rexel filed an answer and on June 4, 2012, Plaintiff filed a

motion for summary judgment. The motion was argued on August 23, 2012, before United States

Bankruptcy Judge Sean H. Lane, who noted that the "only question" at issue was whether Rexel was a

distinct legal entity from Southland and therefore not a proper defendant to the action.  (Pl.'s Mem. in

Opp'n Ex. D at 23).  On August 29, 2012, Southland filed an answer to the amended complaint, as well

as the instant motion to withdraw.

Southland argues, in essence, that the case meets the standards for mandatory withdrawal

because the case entails the resolution of Southland's state law defenses, and for permissive withdrawal

because Southland has not consented to jurisdiction before the Bankruptcy Court.  (Def.'s Mem. of Law

in Supp. of Mot. at 1).  Plaintiff responds by arguing, among other things, that withdrawing the reference

will not promote judicial efficiency because of the large number of adversary proceedings in this case

and the similar issues to be decided therein, and that Southland is engaged in "blatant forum shopping."

(Pl.'s Mem. in Opp'n at 10).  In its reply, Southland makes essentially the same argument as Rexel

advanced in the summary judgment proceedings in the Bankruptcy Court: that Rexel and Southland are

distinct entities.  (Def.'s Reply Mem. of Law in Supp. of Mot. at 1-3).

## DISCUSSION

Although district courts have original jurisdiction over bankruptcy cases, *see* 28 U.S.C.

§ 1334(a), each district court may refer "any or all" bankruptcy proceedings "to the bankruptcy judges

for the district," 28 U.S.C. § 157(a).  Section 157(d) provides for "permissive" withdrawal of the

reference "for cause shown," and mandatory withdrawal of the reference if "resolution of the proceeding

requires consideration of both title 11 and other laws of the United States regulating organizations or

activities affecting interstate commerce."  28 U.S.C. § 157(d).  The mandatory withdrawal provision,

however, has been construed "narrowly" to apply only in cases "where substantial and material

consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding."

*In re Ionosphere Clubs, Inc. v. Air Line Pilots Ass'n (In re Ionosphere)*, 922 F.2d 984, 995 (2d Cir.

1990); *see also In re Enron Corp.*, 388 B.R. 131, 136 (S.D.N.Y. 2008).  This case raises no genuine

2

conflict between Title 11 and other federal (as opposed to state) laws and, accordingly, does not qualify

for mandatory withdrawal under Section 157(d).  *See* 28 U.S.C. § 157(d).

      Permissive withdrawal is also not appropriate at this time.  Although Section 157 does not define

"cause," the Second Circuit has identified a number of factors that a court should consider when

determining whether "cause" exists.  *See In re Orion Pictures Corp. v. Showtime Networks, Inc. (In re

Orion Pictures)*, 4 F.3d 1095, 1101 (2d Cir. 1993).  These factors include (1) whether the claim or

proceeding is core or non-core; (2) whether the claim or proceeding is legal or equitable; and (3)

considerations of efficiency, prevention of forum shopping, and uniformity in the administration of

bankruptcy law.  *See id.*

      After weighing the above factors, the Court finds that Southland has not established cause for

permissive withdrawal of the reference.  As Southland concedes (Def.'s Mem. of Law in Supp. of Mot.

at 1 n.1), this action is a core proceeding, which "weighs heavily against withdrawing the reference."  *In

re Persaud*, No. 11–mc–00860 (DLI), 2012 WL 3544732, at *2 (E.D.N.Y. Aug. 16, 2012); *see also In

re Orion Pictures*, 4 F.3d at 1101 (noting that "hearing core matters in a district court could be an

inefficient allocation of judicial resources").  Moreover, efficiency, prevention of forum shopping, and

uniformity in the bankruptcy proceeding all counsel in favor of denying the motion to withdraw,

particularly considering the pending motion for summary judgment before the Bankruptcy Court and the

fact that the Bankruptcy Court has presided over this adversary proceeding since January 2010.

Although Southland relies on its jury trial right in support of its request for withdrawal, there is no

reason that the Bankruptcy Court cannot continue to preside over this matter until such time as it is trial

ready.  *See In re Extended Stay*, 466 B.R. 188, 205-06 (Bankr. S.D.N.Y. 2011).  In short, because

Southland seeks to withdraw the reference of a core proceeding, such a withdrawal would hinder judicial

efficiency, and no factor weighs in favor of withdrawal, permissive withdrawal is inappropriate at this time.

## CONCLUSION

For the reasons set forth above, the motion to withdraw the reference (Docket No. 1) is denied without prejudice to renewal once the case is ready for trial.

SO ORDERED.

Dated: October 26, 2012
      New York, New York

                              JESSE M. FURMAN
                              United States District Judge